UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
Case No.:  1:16-cv-208-GNS

*ELECTRONICALLY FILED*

DEBRA S. KELTNER, INDIVIDUALLY                                     PLAINTIFFS

AND

JASON COOMER, INDIVIDUALLY, AND
AS EXECUTOR OF THE ESTATE OF
MITCHELL O. COOMER, DECEASED

V.                          **COMPLAINT AND JURY DEMAND**

GENERAL MOTORS LLC                                               DEFENDANTS
F/K/A GENERAL MOTORS CORPORATION
300 Renaissance Center
Detroit, Michigan 48265

      SERVE:      Corporation Service Company
                    421 West Main Street
                    Frankfort, Kentucky 40601

AND

QUANTUM FUEL SYSTEMS
TECHNOLOGIES WORLDWIDE, INC.
25242 Artic Ocean Drive
Lake Forest, California 92630

      SERVE:      Kentucky Secretary of State
                    Attn: Summons Branch
                    700 Capital Avenue, Suite 86
                    Frankfort, Kentucky 40601

AND

DOUGLAS ACQUISITIONS LLC, D/B/A
QUANTUM FUEL SYSTEMS LLC
125 East Sir Francis
Drake Boulevard, Suite 400
Larkspur, California 94939

       SERVE:      Kentucky Secretary of State
                    Attn: Summons Branch
                    700 Capital Avenue, Suite 86
                    Frankfort, Kentucky 40601

AND

PST CYLINDERS, LLC F/K/A PRESSED
STEEL TANK CO., INC.
1450 Don's Way
Kronenwetter, Wisconsin 54455

       SERVE:      Kentucky Secretary of State
                    Attn: Summons Branch
                    700 Capital Avenue, Suite 86
                    Frankfort, Kentucky 40601

AND

LANDI RENZO USA CORPORATION
A/K/A BAYTECH CORPORATION
23535 Telo Avenue
Torrance, California 90505

       SERVE:      Kentucky Secretary of State
                    Attn: Summons Branch
                    700 Capital Avenue, Suite 86
                    Frankfort, Kentucky 40601

AND

IMPCO TECHNOLOGIES, INC.
D/B/A IMPCO AUTOMOTIVE
3030 South Susan Street
Santa Ana, California 92704

       SERVE:      Kentucky Secretary of State
                    Attn: Summons Branch
                    700 Capital Avenue, Suite 86
                    Frankfort, Kentucky 40601

AND

HEXAGON RAGASCO NORTH AMERICA INC.
5117 NW 40th Street
Lincoln, NE 68524

SERVE:   Kentucky Secretary of State
Attn: Summons Branch
700 Capital Avenue, Suite 86
Frankfort, Kentucky 40601

AND

HEXAGON LINCOLN, INC.
A/K/A HEXAGON LINCOLN, LLC
D/B/A HEXAGON LINCOLN
F/K/A LINCOLN COMPOSITES INC.
5117 NW 40th Street
Lincoln, NE 68524

SERVE:   Kentucky Secretary of State
Attn: Summons Branch
700 Capital Avenue, Suite 86
Frankfort, Kentucky 40601

AND

HEXAGON USA HOLDINGS, INC.
D/B/A HEXAGON LINCOLN
5150 NW 40th Street
Lincoln, NE 68524

SERVE:   Kentucky Secretary of State
Attn: Summons Branch
700 Capital Avenue, Suite 86
Frankfort, Kentucky 40601

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Come now the Plaintiffs, Debra S. Keltner, Individually, and Jason Coomer, Individually, and as Executor of the Estate of Mitchell O. Coomer, deceased, by counsel, and for their claims for relief against the Defendants herein state as follows:

## PARTIES, JURISDICTION AND VENUE

1.   Plaintiff, Debra S. Keltner, is, and was at all times pertinent hereto, a resident of Glens Fork, Adair County, Kentucky.

2.   Plaintiff, Jason Coomer, Individually and as Executor of the Estate of Mitchell O. Coomer, is, and was at all times pertinent hereto, a resident of Columbia, Adair County, Kentucky.

3.     Plaintiff, Jason Coomer, was appointed the Executor of the Estate of Mitchell O. Coomer, deceased, by Order of the Adair District/Probate Court on February 10, 2016, and a copy of the Order of Appointment is attached hereto and incorporated by reference.

4.     Defendant, GENERAL MOTORS LLC, F/K/A GENERAL MOTORS CORPORATION (hereinafter "GM"), is, and was at all times pertinent hereto, a foreign limited liability company which is licensed and authorized to do business within the Commonwealth of Kentucky; has designated the Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601 as its agent for service of process; designs, manufactures, and markets motor vehicles to be sold throughout the Commonwealth of Kentucky; and has consistent and significant commercial interactions within the Commonwealth of Kentucky.

5.     Defendant, QUANTUM FUEL SYSTEMS TECHNOLOGIES WORLDWIDE, INC. (hereinafter "QUANTUM"), is, and was at all times pertinent hereto, a foreign corporation transacting business in the Commonwealth of Kentucky, but is not licensed or authorized in the Commonwealth of Kentucky, and thus, the Kentucky Secretary of State, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601 is designated as its registered agent for service of lawful process.

6.     Defendant, DOUGLAS ACQUISITIONS LLC, D/B/A QUANTUM FUEL SYSTEMS LLC (hereinafter "DOUGLAS"), is, and was at all times pertinent hereto, a foreign limited liability company transacting business in the Commonwealth of Kentucky, but is not licensed or authorized in the Commonwealth of Kentucky, and thus, the Kentucky Secretary of State, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601 is designated as its registered agent for service of lawful process.

7.     Upon information and belief, the Defendant, DOUGLAS, expressly and/or impliedly assumed the liabilities and/or purchased and continued the business of QUANTUM FUEL SYSTEMS LLC and Defendant, QUANTUM.

8. Defendant, PST CYLINDERS LLC, F/K/A PRESSED STEEL TANK CO., INC., is, and was at all times pertinent hereto, a foreign limited liability company transacting business in the Commonwealth of Kentucky, but is not licensed or authorized in the Commonwealth of Kentucky, and thus, the Kentucky Secretary of State, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601 is designated as its registered agent for service of lawful process.

9. Upon information and belief, the Defendant, PST CYLINDERS, LLC, F/K/A PRESSED STEEL TANK CO., INC. (hereinafter "PRESSED STEEL"), expressly and/or impliedly assumed the liabilities and/or purchased and continued the business of PRESSED STEEL TANK CO., INC.

10. Defendant, LANDI RENZO USA CORPORATION A/K/A BAYTECH CORPORATION, is, and was at all times pertinent hereto, a foreign corporation transacting business in the Commonwealth of Kentucky, but is not licensed or authorized in the Commonwealth of Kentucky, and thus, the Kentucky Secretary of State, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601 is designated as its registered agent for service of lawful process.

11. Upon information and belief, the Defendant, LANDI RENZO USA CORPORATION A/K/A BAYTECH CORPORATION (hereinafter "BAYTECH"), expressly and/or impliedly assumed the liabilities and/or purchased and continued the business of BAYTECH CORPORATION.

12. Defendant, IMPCO TECHNOLOGIES, INC., D/B/A IMPCO AUTOMOTIVE (hereinafter "IMPCO"), is, and was at all times pertinent hereto, a foreign corporation transacting business in the Commonwealth of Kentucky, but is not licensed or authorized in the Commonwealth of Kentucky, and thus, the Kentucky Secretary of State, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601 is designated as its registered agent for service of lawful process.

13.     Defendants, HEXAGON RAGASCO NORTH AMERICA INC., HEXAGON LINCOLN, INC. (A/K/A HEXAGON LINCOLN, LLC, D/B/A HEXAGON LINCOLN, and F/K/A LINCOLN COMPOSITES INC.), AND HEXAGON USA HOLDINGS, INC. (D/B/A HEXAGON LINCOLN) (hereinafter collectively "HEXAGON"), are, and were at all times pertinent hereto, foreign corporations transacting business in the Commonwealth of Kentucky, but are not licensed or authorized in the Commonwealth of Kentucky, and thus, the Kentucky Secretary of State, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601 is designated as their registered agent for service of lawful process.

14.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events and/or omissions giving rise to the claim occurred within this District.

## FACTUAL BACKGROUND

16.     On January 26, 2016, a massive explosion and a subsequent fire occurred at the residence of Mitchell O. Coomer, deceased, 401 M. Coomer Road, Columbia, Kentucky 42728, resulting in the untimely deaths of Plaintiff, Jason Coomer's decedent and father, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner and the complete destruction of the residence and personal property located therein and partial to permanent damage to multiple surrounding structures and personal property. Plaintiff, Jason Coomer, was also in the residence at the time of the subject explosion and subsequent fire and survived but sustained injury to person and property.

17.     Plaintiff, Jason Coomer, was in the basement of the residence while his father, Mitchell O. Coomer, and Plaintiff Debra S. Keltner's husband, Steven A. Keltner, were in a garage attached to the residence when the subject explosion and fire occurred.

18.     Based upon an examination of the debris field and physical evidence, it was determined that the area of origin of the subject explosion and fire was the garage attached to the residence and the cause was the failure of a compressed natural gas ("CNG") tank located at the mid-section of a 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, which was situated in the attached garage.

19.     The subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, had been originally designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed with a converted CNG and gasoline bi-fuel or flex fuel system.

20.     Plaintiff, Jason Coomer's decedent and father, Mitchell O. Coomer, was the owner of the 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, at the time of the subject explosion and fire.

21.     The Defendant, GM, individually or by and through its officers, agents, servants, employees, predecessors, subsidiaries, or divisions, designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, which reached Mitchell O. Coomer, deceased, in the same or substantially the same condition as when sold by Defendant GM and/or other Defendants.

22.     The Defendants, QUANTUM, DOUGLAS, PRESSED STEEL, BAYTECH, IMPCO, and HEXAGON, were component part manufacturers which individually, or by and through their officers, agents, servants, employees, predecessors, successors, subsidiaries, or divisions, designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed, the bi-fuel or flex fuel systems used to convert Chevrolet Silverado 2500 HD utility trucks, including the subject utility truck, VIN 1GBHC24U06E248199, to bi-fueled, natural gas and gasoline, vehicles,

and said bi-fuel or flex fuel system which was placed in the subject utility truck during the manufacturing process reached Mitchell O. Coomer, deceased, in the same or substantially the same condition as when sold by Defendant GM and/or other Defendants.

23.    Upon information and belief, the Defendant, PRESSED STEEL, was a component part manufacturer which individually, or by and through its officers, agents, servants, employees, predecessors, successors, subsidiaries, or divisions, designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed, the CNG tank included as a part of the bi-fuel or flex fuel systems used to convert Chevrolet Silverado 2500 HD utility trucks, including the subject utility truck, VIN 1GBHC24U06E248199, to bi-fueled, natural gas and gasoline, vehicles, and said CNG tank which was placed in the subject utility truck during the manufacturing process reached Mitchell O. Coomer, deceased, in the same or substantially the same condition as when sold by Defendant GM and/or the other Defendants.

24.    Upon information and belief, the Defendants, HEXAGON, were component part manufacturers which individually, or by and through their officers, agents, servants, employees, predecessors, successors, subsidiaries, or divisions, designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed, the CNG tank included as a part of the bi-fuel or flex fuel systems used to convert Chevrolet Silverado 2500 HD utility trucks, including the subject utility truck, VIN 1GBHC24U06E248199, to bi-fueled, natural gas and gasoline, vehicles, and said CNG tank which was placed in the subject utility truck during the manufacturing process reached Mitchell O. Coomer, deceased, in the same or substantially the same condition as when sold by Defendant, GM, and/or the other Defendants.

25.    Based upon an examination of the debris field and physical evidence, it was determined that the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN

1GBHC24U06E248199, and the bi-fuel or flex fuel system used to convert the subject truck to a bi-fueled, natural gas and gasoline, vehicle, including without limitation the CNG tank placed in the subject truck during the manufacturing process, were designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed, by Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, in such a manner as to permit natural gas to leak from the CNG tank into the atmosphere and create the conditions for the massive explosion and fire to occur on January 26, 2016, which resulted in the deaths of Plaintiff, Jason Coomer's decedent and father, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner; the complete destruction of the residence and personal property located therein and partial to permanent damage to multiple surrounding structures and personal property; and the injury to person and property of Plaintiff, Jason Coomer.

26.     Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, knew or should have known that the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, was defective and unreasonably dangerous for its intended and foreseeable use due to a design, manufacture, installation, and assembly of the bi-fuel or flex fuel system and CNG tank which permitted natural gas to leak from the CNG tank situated in the mid-section of the subject truck into the atmosphere and create the conditions for the massive explosion and fire on January 26, 2016. Such defect includes but is not limited to defective regulator gas-release velocity, defective regulator flame arrestors and/or check valves, defective cylinder ("tank") tensile strength per foreseeable temperature-related gas expansion, defective pressure regulator, defective pressure relief device(s), defective check, shut-off and/or lock valves.

## COUNT I: STRICT LIABILITY

27.    Plaintiffs repeat, re-allege, and incorporate all paragraphs of this Complaint as if expressly set forth fully herein.

28.    Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, individually or by and through their officers, agents, servants, employees, predecessors, subsidiaries, or divisions, expected the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, to reach consumers or users, including the Plaintiff, Jason Coomer's decedent, Mitchell O. Coomer, in the condition in which the Defendants designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed the product in or about model year 2006.

29.    Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, were, or should have been fully aware of, and/or had a duty to design, manufacture, assemble, produce, package, repackage, install, test, develop, inspect, market, advertise, distribute, promote, sell and/or retail the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, in such a manner as to detect and correct the defective and unreasonably dangerous condition of their product.

30.    Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, failed to inform or to otherwise adequately warn consumers or users, including the Plaintiff, Jason Coomer's decedent, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner, that the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system

and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, was defective in its design and/or method of manufacture or was unfit for the very purpose for which it was intended.

31. Defendants' breach of duties set forth herein was a substantial factor in causing the deaths of Plaintiff, Jason Coomer's decedent and father, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner; the complete destruction of the residence and personal property located therein and partial to permanent damage to multiple surrounding structures and personal property; and the injury to person and property of Plaintiff, Jason Coomer, all for which Defendants are strictly liable.

## COUNT II: FAILURE TO WARN

32. Plaintiffs repeat, re-allege, and incorporate all paragraphs of this Complaint as if expressly set forth fully herein.

33. Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, individually or by and through their officers, agents, servants, employees, predecessors, subsidiaries, or divisions, had a continuing duty to provide adequate warning to the consuming public of the risks and benefits associated with the foreseeable use of the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle.

34. Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, as manufacturers of motor vehicles and/or motor equipment and parts, are held to the level of knowledge of an expert in the field.

35. The warnings that were given by Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, to the consuming public and users of the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199,

including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, were defective in that they misrepresented what Defendants knew, or should have known, with respect to the foreseeable use and/or misuse of its product, and such warnings were not adequate, accurate, clear, or complete.

36.     Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, had a continuing duty to warn the consuming public, including the Plaintiffs and their deceased family members, and they breached that duty.

37.     As a direct and proximate result of the Defendants' failure to warn, Plaintiffs suffered serious injury to person and property and Mitchell O. Coomer and Steven A. Keltner were fatally injured.

## COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE

38.     Plaintiffs repeat, re-allege, and incorporate all paragraphs of this Complaint as if expressly set forth fully herein.

39.     Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, individually or by and through their officers, agents, servants, employees, predecessors, subsidiaries, or divisions, marketed the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, to and for the benefit of the consuming public, and knew, or should have known, that the consuming public would use the products for the purpose for which it was marketed.

40.     Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, owed the Plaintiffs the duty to exercise reasonable care in light of the generally recognized and prevailing manufacturing and design knowledge.

41.     Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, negligently, grossly negligently, and with wanton and reckless

disregard for the rights and safety of the public, including the Plaintiffs, designed, manufactured, assembled, produced, packaged, repackaged, installed, tested, developed, inspected, marketed, advertised, distributed, promoted, sold and/or retailed, the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, even though they knew, or should have known, that the foreseeable risks of harm posed by the products could have been reduced or avoided by the adoption of a reasonable alternate design.

42.     As a direct and proximate result of the Defendants' negligent and grossly negligent conduct and wanton and reckless disregard for the rights and safety of the public, including Plaintiff, Jason Coomer's decedent and father, Mitchell O. Coomer, Plaintiff, Debra S. Keltner's husband, Steven A. Keltner, and Plaintiff, Jason Coomer, individually, Plaintiffs suffered serious injury to person and property and Mitchell O. Coomer and Steven A. Keltner were fatally injured.

## COUNT IV: BREACH OF IMPLIED WARRANTIES

43.     Plaintiffs repeat, re-allege, and incorporate all paragraphs of this Complaint as if expressly set forth fully herein.

44.     Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, impliedly warranted that the subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, was fit and suitable for the particular use to which Plaintiff, Jason Coomer's decedent, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner, put this product and all foreseeable acts associated with such use, and further impliedly warranted that said product was not extraordinarily or needlessly dangerous to the ultimate user or consumer, including Mitchell O. Coomer and Steven A. Keltner.

45.     In using the subject truck, Plaintiff, Jason Coomer's decedent, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner, relied on the implied warranty of fitness for the particular purpose for which they used the product.

46.     The subject truck was not fit for its intended purpose and foreseeable uses connected with such purpose and, as a result of the breach of said implied warranty of fitness by Defendants, the Plaintiffs suffered serious injury to person and property and Mitchell O. Coomer and Steven A. Keltner were fatally injured while using the product in a reasonable, ordinary and foreseeable manner.

47.     Defendants, GM, QUANTUM, DOUGLAS, BAYTECH, PRESSED STEEL, IMPCO, and HEXAGON, impliedly warranted that the subject truck was of merchantable quality, fit, safe and in proper condition for the ordinary and foreseeable use to which Plaintiff, Jason Coomer's decedent, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner, put said product and all acts connected with that use.

48.     In reliance on said implied warranty of merchantability by Defendants, Plaintiff, Jason Coomer's decedent, Mitchell O. Coomer, and Plaintiff, Debra S. Keltner's husband, Steven A. Keltner, used said product.

49.     The subject 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, including without limitation, the bi-fuel or flex fuel system and CNG tank used to convert the truck to a bi-fueled, natural gas and gasoline, vehicle, was not of merchantable quality and as a result of the breach of the implied warranty of merchantability by Defendants, the Plaintiffs suffered serious injury to person and property and Mitchell O. Coomer and Steven A. Keltner were fatally injured while using the product in a reasonable, ordinary and foreseeable manner.

50.     The breaches of duty by Defendants as set forth herein are a substantial factor in causing Plaintiffs' injuries and the resulting damages to Plaintiffs.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51.     Plaintiffs repeat, re-allege, and incorporate all paragraphs of this Complaint as if expressly set forth fully herein.

52.     At the time of the subject explosion and subsequent fire, Plaintiff, Jason Coomer, was in the basement of the residence.  Upon recovering his senses immediately after the blast, Jason Coomer rushed into the firestorm to attempt rescue efforts for his family.

53.     Such efforts were unsuccessful and lead Jason to discover and observe the dismembered and malformed bodies of his father, Mitchell O. Coomer, deceased, and Steven A. Keltner, deceased, resulting in severe and ongoing infliction of emotional distress.

54.     The breaches of duty by Defendants as set forth by Counts I-IV are a substantial factor in causing Plaintiff's serious emotional injury and the resulting damages to Plaintiff.

## COUNT VI: DAMAGES

55.     Plaintiffs repeat, re-allege, and incorporate all paragraphs of this Complaint as if expressly set forth fully herein.

56.     As a direct and proximate result of the concurring and/or joint negligence of the Defendants as set forth above, the Plaintiff, Jason Coomer, will incur medical expenses; has sustained partial to permanent loss of property; and has suffered from and will continue to suffer from severe emotional injury and distress, requiring ongoing treatment and counseling and expenses for the same, due to being the sole survivor from the massive explosion and fire and to seeing the bodies of his father, Mitchell O. Coomer, deceased, and Steven A. Keltner, deceased, in such a malformed and horrific state after the massive explosion and fire.

57.     As a direct and proximate result of the concurring and/or joint negligence of the Defendants as set forth above, Plaintiff, Jason Coomer's decedent and father, Mitchell O. Coomer, sustained severe physical injuries in the subject explosion and fire causing his death on January 26, 2016.

58.     As a direct and proximate result of the injuries and death of the Plaintiff's decedent, Mitchell O. Coomer, his Estate incurred funeral and burial expenses and suffered the complete destruction of his power to labor and earn money.

59.     As a direct and proximate result of the concurring and/or joint negligence of the Defendants as set forth above, the Estate of Mitchell O. Coomer suffered complete destruction of the residence and partial to complete destruction of surrounding structures and property.

60.     Upon information and belief, prior to his death, the Plaintiff's decedent, Mitchell O. Coomer, underwent severe pain and suffering, both physical and mental, all to his damage, thereby justifying as award to his Estate for conscious pain and suffering prior to death.

61.     At all times pertinent hereto, the Plaintiff, Debra S. Keltner, was the wife of Steven A. Keltner, deceased, and as a direct result of the injuries to and death of her husband, caused by the negligence of the Defendants herein, she lost the services, assistance, aid, society, companionship, and conjugal relationship of her husband.

62.     At all times pertinent hereto, the Defendants, individually and/or collectively, by and through their officers, agents, servants, employees, predecessors, subsidiaries, or divisions, acted recklessly, wantonly, and/or with extreme indifference and reckless disregard of the consequences of their actions, thereby justifying an award of punitive damages.

WHEREFORE, the Plaintiffs respectfully demand the following relief:

1.     Judgment against the Defendants, jointly and/or severally, in favor of Debra S. Keltner, Individually, in a sum which will fairly and adequately compensate her for the loss of services, assistance, aid, society, companionship, and conjugal relationship of her husband, Steven A. Keltner, pursuant to KRS 411.145;

2.     Judgment against the Defendants, jointly and/or severally, in favor of Plaintiff, Jason Coomer, as Executor of the Estate of Mitchell O. Coomer, in a sum which will fairly and

adequately compensate the Estate of Mitchell O. Coomer, for the destruction of the decedent, Mitchell O. Coomer's power to labor and earn money in the future;

3.      Judgment against the Defendants, jointly and/or severally, in favor of Plaintiff, Jason Coomer, as Executor of the Estate of Mitchell O. Coomer, in a sum which will fairly and adequately compensate the Estate of Mitchell O. Coomer for the physical and mental pain and suffering sustained by Plaintiff's decedent, Mitchell O. Coomer, prior to his death;

4.      Judgment against the Defendants, jointly and/or severally, in favor of Plaintiff, Jason Coomer, as Executor of the Estate of Mitchell O. Coomer, in a sum which will fairly and adequately compensate the Estate of Mitchell O. Coomer, for the funeral and burial expenses incurred due to the death of Plaintiff's decedent, Mitchell O. Coomer;

5.      Judgment against the Defendants, jointly and/or severally, in favor of Plaintiff, Jason Coomer, as Executor of the Estate of Mitchell O. Coomer, in a sum which will fairly and adequately compensate the Estate of Mitchell O. Coomer for the complete destruction of the residence and partial to complete destruction of surrounding structures and property of Plaintiff's decedent, Mitchell O. Coomer;

6.      Judgment against the Defendants in favor of Plaintiff, Jason Coomer, Individually, in a sum which will fairly and adequately compensate him for the injuries to his property, for counseling expenses incurred, and for the severe emotional injury and distress he has suffered and will continue to suffer into the future;

7.      Judgment against the Defendants, jointly and/or severally, for punitive damages as a result of their reckless, wanton and indifferent conduct;

8.      For Plaintiffs' costs herein expended;

9.      Trial by jury on all issues so triable; and

10.     Any and all other relief to which they may appear to be entitled.


Respectfully submitted,


/s/ *Jeff W. Adamson*_____
Paul A. Casi, II
Jeff W. Adamson
Paul A. Casi, III
PAUL A. CASI, II, P.S.C.
440 South Seventh Street, Suite 100
Louisville, Kentucky  40203-1909
(502) 584-0404
(502) 561-2321 Facsimile
pac@casi-law.com
jadamson@casi-law.com
pac3@casi-law.com
**COUNSEL FOR PLAINTIFFS**