UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00208-GNS-HBB

DEBRA S. KELTNER et al.                                               PLAINTIFFS

v.

GENERAL MOTORS, LLC et al.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 96) and Defendant's Motion for Leave to File Supplemental Memorandum (DN 125). The matter is ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Leave to File Supplemental Memorandum is **GRANTED**.

### I.    BACKGROUND

This case arises from the explosion of a 2006 Chevrolet utility truck that resulted in the death of Mitchell O. Coomer and Steven A. Keltner. (Compl. ¶ 16, DN 1). Plaintiffs Debra S. Keltner[1] and Jason Coomer[2] ("Plaintiffs") allege the truck's bi-fuel system was defective, which caused the explosion. (Compl. ¶¶ 25-26).

Landi Renzo USA Corporation ("Landi") manufactures component parts for bi-fuel systems. (Def.'s Mot. Summ. J. 2, DN 96 [hereinafter Def.'s Mot.]). Believing it was not involved in the production of the system at issue in this litigation, Landi propounded requests for admission to Plaintiffs asking them to admit that Landi was not involved in the design, manufacture, sale, distribution, installation, marketing, or inspection of any component of the truck. (Pl.'s Answer

---

[1] Debra S. Keltner is the wife of Steven A. Keltner. (Compl. ¶ 61).
[2] Jason Coomer brings claims in both his individual capacity and as executor of the Estate of Michael O. Coomer. (Compl. ¶ 3).

Def.'s First Set Reqs. Admis. 1-4, DN 96-2). Plaintiffs responded with a blanket statement that the parties had not yet developed a discovery plan, so that the requests for admission were premature and therefore denied. (Pls.' Answer Def.'s First Set Reqs. Admis. 1-7).

In support of its present motion, Landi has submitted Defendant General Motors LLC's ("GM") responses to Plaintiffs' first set of interrogatories. Plaintiffs asked GM to identify all individuals and corporations "who assisted or participated (in any way) with the design, manufacture, production, installation, sale and/or distribution of the compressed natural gas ("CNG"), bi-fuel system contained in one 2006 Chevrolet Silverado 2500 HD utility truck, VIN 1GBHC24U06E248199, which is at issue in Plaintiffs' Complaint." (Gen. Motors' Resp. Pls.' First Set Interrogs. 3-4, DN 96-3). General Motors did not list Landi among the entities identified in its answer. Landi now contends Plaintiffs cannot show that Landi was involved in the manufacture of the relevant fuel system and that it is therefore entitled to summary judgment.

Additionally, Landi has moved for leave to file a supplemental memorandum in support of its motion. (Def.'s Mot. Leave File Suppl. Mem. 1, DN 125). The supporting memorandum, however, adds only that GM Canada has also responded to discovery requests and do not list Landi as involved in the design or manufacture of the CNG bi-fuel system. (Def.'s Suppl. Mem. Supp. Mot. Summ. J. 2, DN 125-1).

In response, Plaintiffs argue that discovery is in its infancy and summary judgment would be premature at this point. (Pls.' Resp. Def.'s Mot. Summ. J. 10, DN 98 [hereinafter Pls.' Resp.]). Plaintiffs note that, at the time of filing their response to Landi's motion, they had not deposed any Landi officers nor received responses to their first set of interrogatories and requests for production. (Pls.' Resp. 10-12).

In support of their objection, Plaintiffs' counsel has submitted an affidavit as required by Fed. R. Civ. P. 56(d). (Adamson Aff., DN 98-8). Plaintiffs aver they need more discovery because evidence collected from the truck explosion has not yet been analyzed, and Plaintiffs do not possess sufficient information to refute Landi's allegation that it was not involved. (Adamson Aff. ¶¶ 2-9).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or

by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

### IV.     DISCUSSION

"The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance By and Through Hammons v. United States*, 90 F.3d 114, 1148 (6th Cir. 1996). A plaintiff must detail how additional discovery might lead to information that would justify its opposition. Fed. R. Civ. P. 56(d). A court enjoys discretion in determining whether additional discovery is needed, but failure to allow any discovery represents an abuse of that discretion. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994).

Plaintiffs point out that they propounded their first set of interrogatories and requests for production to Landi in conjunction with filing their response to Landi's motion. (Adamson Aff. ¶ 7). The only evidence Landi has provided in support of its position consists of GM's initial discovery responses and, for the first time in its reply, the affidavit of Jeffrey Santrock ("Santrock"). (Santrock Aff., DN 102-1). With respect to Santrock's two-page affidavit, it is impossible to determine the scope of the documents he reviewed in reaching his conclusion. The Court will not accept such a perfunctory statement, and Plaintiffs will be allowed to continue prosecuting their case through the usual means.

Landi's supplemental memorandum does affect this analysis. The Court concludes that Landi should address its defense through routine discovery, and GM Canada's responses do not

alter the conclusion. The Court will, however, grant Landi's motion to file its supplemental memorandum.

The Court is mindful of Landi's desire to avoid unnecessary expense if it played no role with the products involved in this litigation. To dismiss Landi from the action based on nothing more than scant evidence gleaned from other defendants' initial discovery responses and before even having responded to an initial discovery request itself, however, would deprive Plaintiffs of the opportunity to justify their opposition to Landi's motion. "[A] plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, **as long as the plaintiff has had a full opportunity to conduct discovery**." *Anderson*, 477 U.S. at 256 (emphasis added).

Plaintiffs may continue conducting discovery with respect to Landi. In the event substantial discovery substantiates Landi's position, it may re-file its motion. For now, however, Landi's motion is denied.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (DN 96) is **DENIED**.

2. Defendant's Motion for Leave to File Supplemental Memorandum (DN 125) is **GRANTED**.

Greg N. Stivers, Chief Judge
United States District Court

September 3, 2019

cc: counsel of record

5